Dear Ms. Leblanc, M.D., Ph.D.,
We received your request for an Attorney General Opinion regarding Act306 of the 2004 Regular Legislative Session. Specifically, you ask whether Act 306 of the 2004 Regular Legislative Session prohibits the Louisiana Patients' Compensation Fund Oversight Board (the "PCFOB") from furnishing medical review panel opinions requested by the Louisiana Board of Medical Examiners in those instances where the Board has received a report that a medical malpractice payment has been made. In short, we believe Act 306 of the 2004 Regular Legislative Session does not prohibit reporting medical review panel opinions by the PCFOB to the Louisiana State Board of Medical Examiners, as will be discussed below.
As you state in your request, prior to the passage of Act 306 (2004), upon receipt of a report that a malpractice payment has been made, the Board has, over the past thirty years, requested and received a copy of the underlying medical review panel opinions relative to such claim from the Louisiana Patients' Compensation Fund, and more recently its Oversight Board. The issue that now arises is whether the passage of Act 306 (2004) will affect this practice. Act 306 amended and reenacted LSA-R.S. 40:1229.39.1A(1)(a) and 40:1299.47A(1)(a), respectively, to state as follows:
 All malpractice claims against the state, its agencies, or other persons covered by this Part, other than claims wherein the patients are prisoners and claims compromised or settled by the claimant and the division of administration with the concurrence of designated legal counsel for the state, shall be reviewed by a state medical review panel established as provided in this Section, to be administered by the commissioner of administration, hereinafter referred to as commissioner. The filing of a request for review by a state medical review panel as provided for in this Section shall not be reportable by any health care provider or any other entity to the Louisiana State Board of Medical Examiners, to any licensing authority, committee, or board of any other state, or to any credentialing or similar agency, committee, or board of any clinic, hospital, health insurer, or managed care company. (Emphasis added.)
 * * * All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section. The filing of a request for review by a medical review panel as provided for in this Section shall not be reportable by any health care provider, the Louisiana Patients' Compensation Fund, or any other entity to the Louisiana State Board of Medical Examiners, to any licensing authority, committee, or board of any other state, or to any credentialing or similar agency, committee, or board of any clinic, hospital, health insurer, or managed care company.
Our research reflects that Act 306 of the 2004 Session amended LSA-R.S.40:1299.47A(1)(a) to change the law to prohibit reporting the filings of request for review and reports by the PCFOB, to the Board of Medical Examiners and other identified entities. The Digest of the bill instructs us as to the change between prior and proposed law:
 Prior law allowed medical review panel reports and requests for a medical review panel to be reportable to various boards, credentialing agencies, clinics, hospitals, and health insurers.
 New law makes medical review panel reports and requests for medical review panels non-reportable.
We attach Senate Bill 302 of the 2004 Regular Legislative Session for your further review.
The significant question herein, is whether the amendment to LSA-R.S.40:1299.47A (1)(a), is intended to encompass furnishing "medical review panel opinions" that are produced by the medical review panel to the Louisiana State Board of Medical Examiners. The Board argues that it has not solicited medical review panel "requests" per se, however, the PCFOB expresses concern that the opinions issued by the medical review panel could arguably be viewed as "reporting" of panel requests.
It is the opinion of this office that the prohibition on reporting the "filing of a request for review" by the PCFOB to the Louisiana State Board of Medical Examiners does not extend to medical review panel opinions. Therein, note that a filing of a request for review is distinguishable from a medical review panel opinion.
Further research of Act 306 (2004), revealed the legislative intent and purpose of this amendment. In presentation of Senate Bill 302 (Act 306), to the House Committee on Civil Law and Procedure[1], Senator Donald Hines, the author of Senate Bill 302 (Act 306), explained that the new law prevents physicians that are exonerated by a medical review panel from having to report going before the medical review panel. Senator Hines further explained that, the purpose for this Bill is to eliminate confusion with having to explain to health plans and credentialing agencies the difference between a lawsuit and medical review panel process, when nearly ninety (90) percent of physicians are exonerated. Specifically, because there are several named physicians in these "filings for requests for review," who may have had minimal involvement in the case, but have to report on credentials when applying for staffing privileges that they appeared before a medical review panel. Additionally, the amendment alleviates the extensive administrative burden medical practice administrators experience when physicians have to respond and provide detailed reports to the various agencies, committees, or health insurers.
One of the principal functions of the Louisiana State Board of Medical Examiners is to protect the health, welfare, and safety of Louisiana citizens against "unprofessional, improper, unauthorized and unqualified practice of medicine."[2] In carrying out this function, the Board requests medical review panel opinions to assist in evaluating a physician's conduct in instances when a medical malpractice claim has been paid. This procedure does not appear to conflict with the legislative intent of Senate Bill 302 (2004), and the purpose for which the statute was amended and enacted.
It is important to note that LSA-R.S. 40:1299.47A(1)(a) must be read inpara materia with 40:1299.48 et seq., which provides in pertinent part:
 A. For the purpose of providing the various licensing boards of Louisiana health care providers, as defined by R.S. 40:1299.41(A)(1), with information on malpractice claims paid by insurers or self insurers on behalf of health care providers in this state, each insurer of such health care provider, and each health care provider in Louisiana who is self insured shall, within thirty days of the date of payment, provide a written report to the licensing board of this state having licensing authority over the health care provider on whose behalf payment was made. . . (Emphasis added.)
Therein note, the Louisiana State Board of Medical Examiners are informed, pursuant to LSA-R.S. 40:1299.48 et seq., that there may be a medical review panel opinion, in which case the Board would then request the opinion to assist it in carrying out its duties.
The construction that the PFCOB seeks to place upon R.S.40:1299.47A(1)(a), appears to be somewhat broad. The purpose of the statute is to eliminate confusion and alleviate administrative burdens placed on physicians who are exonerated, from reporting filings for requests for review to the Louisiana State Board of Medical Examiners, any licensing authority, committee, or board of any other state, or to any credentialing or similar agency, committee, or board of any clinic. Furthermore, to extend the statute to encompass anything other than the limited prohibition of reporting filings of requests for review, would not give effect to the legislative will and would hinder the Louisiana State Board of Medical Examiners' ability to fulfill their duties as mandated by law.
With respect to Act 306, which amends and reenacts La. R.S.40:1299.47A(1)(a), we again conclude that it does not prohibit the PCFOB from furnishing medical review panel opinions requested by the Louisiana Board of Medical Examiners, in those instances where the board has received a report that a medical malpractice payment has been made.
We hope the foregoing is helpful to you. Should you have any further inquiries in which we may provide assistance please contact this office.
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 LaTonya L. Ozebe Assistant Attorney General
CCF, Jr:LLO/jv Enclosure
[1] See: House Civil Law Committee Archives, May 25, 2004 @1:08:01
[2] La. Rev. Stat. 37:1261
Regular Session, 2004
SENATE BILL NO. 302
BY SENATOR HINES
 AN ACT
To amend and reenact R.S. 40:1299.39.1(A)(1)(a) and 1299.47(A)(1)(a), relative to medical malpractice; to provide for medical review panel reports to be non-reportable; to provide for the filing of a request for a medical review panel to be non-reportable; and to provide for related matters.
Be it enacted by the Legislature of Louisiana:
Section 1. R.S. 40:1299.39.1(A)(1)(a) and 1299.47(A)(1)(a) are hereby amended and reenacted to read as follows:
§ 1299.39.1. State medical review panel
 A (1)(a) All malpractice claims against the state, its agencies, or other persons covered by this Part, other than claims wherein the patients are prisoners and claims compromised or settled by the claimant and the division of administration with the concurrence of designated legal counsel for the state, shall be reviewed by a state medical review panel established as provided in this Section, to be administered by the commissioner of administration, hereinafter referred to as commissioner. The filing of a request for review by a state medical review panel as provided for in this Section shall not be reportable by any health care provider or any other entity to the Louisiana State Board of Medical Examiners, to any licensing authority, committee, or board of any other state, or to any credentialing or similar agency, committee, or board of any clinic, hospital, health insurer, or managed care company.
 * * * § 1299.47. Medical review panel A.(1)(a) All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section. The filing of a request for review by a medical review panel as provided for in this Section shall not be reportable by any health care provider, the Louisiana Patient's Compensation Fund, or any other entity to the Louisiana State Board of Medical Examiners, to any licensing authority, committee, or board of any other state, or to any credentialing or similar agency, committee, or board of any clinic, hospital, health insurer, or managed care company.
 * * * ________________________________ PRESIDENT OF THE SENATE
 ________________________________ SPEAKER OF THE HOUSE OF REPRESENTATIVES
 ________________________________ GOVERNOR OF THE STATE OF LOUISIANA
APPROVED: ___________
Prior law allowed medical review panel reports and requests for a medical review panel to be reportable to various boards, credentialing agencies, clinics, hospitals, and health insurers.
New law makes medical review panel reports and requests for medical review panels non-reportable.
Effective August 15, 2004.
(Amends R.S. 40:1299.39.1(A)(1)(a) and 1299.47(A)(1)(a))